**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:14-CV-00182-RLV-DCK**

| | |
|---|---|
| CARLA GUINN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**BEFORE THE COURT** is Claimant Carla Guinn's Objection (Doc. 22) to Magistrate Judge Keesler's Memorandum and Recommendation (Doc. 21) ("M&R").

On October 28, 2015, Magistrate Judge Keesler issued an M&R recommending that this Court deny Claimant's Motion for Summary Judgment, grant Defendant Commissioner's Motion for Summary Judgment, and affirm the final decision of the Commissioner. (Doc. 21).

On November 16, 2015, Claimant filed her Objection to the M&R. (Doc. 22). On November 24, 2015, the Commissioner filed a Reply to Claimant's Objection. (Doc. 23).

The Federal Magistrate Act provides that a district court shall make a *de novo* determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1) (2009); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (quoting § 636(b)(1)). Nonetheless, this Court is responsible for the final determination and outcome, and accordingly the undersigned has conducted a careful review of the M&R as well as a *de novo* review of the specific matters raised in Claimant's Objection. Given that neither party objected to the standard of review espoused in the M&R, the Court incorporates it by reference. Additionally, this Court

1

incorporates the recitation of facts set forth in the M&R and will discuss particular factual matters as appropriate in the body of the decision. The Claimant raises the same three issues presented before Magistrate Judge Keesler; namely, (1) whether the treating physician's rule was followed; (2) whether the ALJ's credibility determination is supported by substantial evidence; and (3) whether the ALJ's treatment of the GAF scores requires remand. Given that the Court finds that the first asserted objection is meritorious, the latter objections will not be addressed.

Claimant argues that the ALJ inappropriately rejected Dr. Baker's opinion when (1) stating that he found it inconsistent with his treatment notes without specifically identifying what the inconsistency was; and (2) finding inconsistency with Dr. Fulks, a consultative examiner.

An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an impairment, is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Therefore, a treating physician's opinion will not be entitled to controlling weight if it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and/or inconsistent with other substantial evidence of record.[1] An ALJ must always give "good reasons" for the weight given or not given to a treating physician's opinions. § 404.1527(c)(2).

If a treating physician's opinion is not conclusive, the opinion must be evaluated and weighed considering (1) whether the physician has examined the claimant; (2) the length of the treatment relationship and frequency of examination; (3) the nature and extent of the treatment

---

[1] If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996); *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992) (holding that a treating physician's opinion need not be afforded controlling weight).

relationship; (4) the supportability of the medical opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist. 20 C.F.R. § 404.1527(c).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations omitted). "Record" in this context does not mean the administrative record *as a whole*; rather, it means the ALJ's decision *itself*. This is evident from the fact that a district court is forbidden from developing *post hoc* rationalizations for the ALJ's decision-making process. *See Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("[The Court] must . . . affirm the ALJ's decision only upon the reasons he gave."). On review, the Court must not rationalize an ALJ's decision by raking through the administrative record, as a whole, intent upon finding the factual support necessary to uphold the ALJ's conclusory analysis. *See Radford*, 734 F.3d at 295-96; *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Expeditions of that sort improperly force the district courts to cobble together a factual basis for the ALJ's conclusions – in effect rendering the district court the fact-finder in the administrative process. *Radford*, 734 F.3d at 295-96; *see also Cook*, 783 F.2d at 1173. Such a practice would effectively usurp the ALJ's role in the administrative process and give the ALJ a "free pass." This is improper.

Instead, Fourth Circuit precedent makes clear that it is the ALJ who must resolve conflicts in the evidence, make credibility determinations, muster factual support for his decision, reach a decision, and explain his reasoning for reaching that decision – not this Court. *See*, *e.g.*, *Mascio v. Colvin*, 780 F.3d 632, 636-37 (4th Cir. 2015); *Radford*, 734 F.3d at 296; *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir.1996). In explaining his decision, the ALJ must create "a logical bridge" between

the factual evidence considered and the conclusions reached, so that this Court must not tread new water in reviewing his or her analysis. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to [the] conclusion"). If an ALJ's ultimate decision is supported by substantial evidence – i.e., evidence found in the record, which supports the ALJ's conclusion, and to which the ALJ directs this Court through the written decision – then the decision must be upheld, even if the undersigned disagrees with it. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays*, 907 F.2d at 1456.

On November 16, 2012, Dr. Baker wrote a letter regarding Claimant's application for disability. (Tr. 445). The letter summarizes various diagnoses and medications prescribed: "[s]he has a history of arthritis and long standing chronic low back pain"; "[s]he also has a history [sic] gastric bypass"; she "subsequently developed anorexia and more weight loss to the point of severe malnutrition"; "[s]he continues to have problems with depression"; "[s]he has had severe anemia"; "[s]he has been suffering from agoraphobia." He also states that "[s]he is on Remeron, Cymbalta and Suroquel for severe anxiety and depression." *Id.* He states that "[s]he requires Methadone 10 mg twice daily for control of her chronic back pain." *Id.*

The letter stated, in pertinent part, that:

> Claimant has been unable to work for quite some time. Given her long standing depression, anxiety and osteoarthirits [sic] involving her lumbar spine I do not think it is possible for her to work in any capacity now.

*Id.*[2]

---

[2] The regulations do not "give any special significance" to a doctor's opinion that a person is disabled. 20 C.F.R. § 404.1527(d); *see Thompson v. Astrue*, 442 F. App'x 804, 808 (4th Cir. 2011) ("Dr. Hughes listed [Claimant's] diagnoses, but failed to explain how her conditions impacted her abilities. Rather than providing a reasoned explanation, Dr. Hughes simply opined in a conclusory fashion that Thompson was 'permanently and totally disabled' . . . . Dr. Hughes' letter more closely resembled an opinion on a matter reserved to the Commissioner than a medical opinion."). However, even opinions stating that a person is disabled must be weighed. "The ALJ is not free . . . simply to ignore a treating physician's legal conclusions, but must instead 'evaluate all the evidence in the

4

The ALJ assigned "little weight" to Dr. Baker's opinion "because it simply was not consistent with his treating records." (Tr. 95). The ALJ stated that "Dr. Baker's treating records reflected a higher level of functioning than discussed in Dr. Baker's November 4, 2011 statement." *Id.* These two sentences do not satisfy the rules elucidated above. While these conclusions may ultimately result from "good reasons[,]" it is the ALJ's duty to marshal the evidence in support of these conclusions at the administrative stage rather than this Court combing through the medical support to find some justification to uphold his decision.

In her motion for summary judgment, the Commissioner claims that she provided "additional specific examples from the record that supported the rationale that the ALJ provided." (Doc. 23, at 2). Claimant characterizes this as inappropriate post hoc rationale, (Doc. 22, at 3), and the Court agrees.

It is not the Commissioner's or this Court's role to fill in the gaps for the ALJ after this type of cursory explanation. At times the ALJ's treatment of Dr. Baker's records and opinions is inconsistent. He gave "little" weight to Baker's opinion because the doctor's "treating records reflected a higher degree of functioning[;]" however, he discounted the doctor's notes by failing to credit his opinion that "[The claimant has] immense difficulties with her back right now. She had an MRI through the emergency room last month, which continued to show significant disc disease with canal stenosis [at] L4-5." (Tr. 93). The Court recognizes that the ALJ did this in his credibility analysis discussing MRIs, but it is clear that Dr. Baker credited Claimant's allegations of pain at that time and believed they were supported by the very records the Commissioner used to question Claimant's credibility. *See* Tr. 90 (ALJ stating that the

---

case record to determine the extent to which the [treating physician's legal conclusion] is supported by the record.'" *Morgan v. Barnhart*, 142 F. App'x 716, 722 (4th Cir. 2005) (quoting SSR 95-6p).

degenerative changes were "mild" while Baker states that they are "significant."). The Court notes that the ALJ provided a significant amount of evidence to support his conclusion that Claimant's testimony was incredible. However, this was not the reason he discredited her treating physician. On remand, the ALJ should further develop his reasons for discounting Dr. Baker's opinion. The failure to appropriately weigh his opinion is an error of law that prohibits this Court from determining if substantial evidence actually supports the ALJ's conclusion.

Given the foregoing, the Court will not delve into an analysis of Claimant's remaining objections. However, to prevent any further issues if a future appeal is filed, the Court notes that the ALJ should consider Administrative Message AM 13-066 (July 22, 2013) when weighing GAF scores.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Commissioner's Motion for Summary Judgment is DENIED;

(2) The Claimant's Motion for Summary Judgment is GRANTED; and

(3) This case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this opinion.

Signed: January 27, 2016

Richard L. Voorhees
United States District Judge