## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:14-CV-182-RLV-DCK

| | |
|---|---|
| CARLA GUINN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney Fees" (Document No. 30) filed July 26, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will direct Plaintiff to file a reply brief in support of the pending motion.

The undersigned observes that "Defendant's Response…" (Document No. 32) was filed on August 6, 2018, and "neither supports nor opposes Plaintiff's counsel's request." Plaintiff then failed to file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1(e).

By the pending motion, Plaintiff seeks approval of an attorney's fee of $34,541.00, pursuant to 42 U.S.C. §406(b)(1). (Document No. 30-1). Plaintiff bases this request on a total award to Plaintiff <u>and</u> her dependents of $138,164.00. (Document No. 30-1, p. 5). Notably, Plaintiff's dependents were not parties to this action or otherwise mentioned in the Complaint (Document No. 1). In addition, each dependent's "Notice of Award" states that "there are no past due benefits available to be paid to the representative." (Document No. 30-3, pp. 9, 12).

Based on an initial review, the undersigned is concerned about the reasonableness of Plaintiff's request for $34,541.00 in a case that involved 21 hours of attorney time, and 28.25 hours of paralegal time. (Document No. 30-1, p. 4). Perhaps more importantly, Plaintiff does not appear to cite any authority that entitles Plaintiff's counsel to 25% of her dependents' awards from the Social Security Administration. To date, the most applicable case the undersigned has identified, which coincidentally involves the same Plaintiff's counsel, suggests that the request for fees based on dependents' awards is improper. See Tucker v. Colvin, 1:15-CV-024-MR-DLH, 2016 WL 4370054, at *2 (W.D.N.C. Aug. 15, 2016).

Based on the foregoing, the undersigned will require Plaintiff to file a reply brief in further support of her "Motion For Attorney Fees" (Document No. 30). Plaintiff's reply should identify and discuss relevant authority related an attorney's claim for 25% of past due benefits that combines a plaintiff and non-party dependents' awards. Plaintiff may also want to address the reasonableness of the requested attorney fees where a majority of the work was done by a paralegal. See (Document Nos. 26-3 and 26-4).

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a reply brief in further support of the "Motion For Attorney Fees" (Document No. 30) on or before **August 31, 2018**.

**SO ORDERED**.

Signed: August 22, 2018

_____
David C. Keesler
United States Magistrate Judge