# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-182-RJC-DCK

| | |
|---|---|
| CARLA GUINN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney Fees" (Document No. 30) filed July 26, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion, with modification.

By the pending motion, Plaintiff seeks approval of an attorney's fee of $34,541.00, pursuant to 42 U.S.C. §406(b)(1), in a case that involved 21 hours of attorney time, and 28.25 hours of paralegal time. (Document No. 30-1, p. 4). Previously, the Court allowed an agreed upon award of $5,300.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Document No. 29).

Plaintiff bases the pending request on a total award to Plaintiff and her dependents of $138,164.00. (Document No. 30-1, p. 5). Notably, Plaintiff's dependents were not parties to this action or otherwise mentioned in the Complaint (Document No. 1). In addition, each dependent's "Notice of Award" states that "there are no past due benefits available to be paid to the representative." (Document No. 30-3, pp. 9, 12). Plaintiff's filing shows that the Social Security

Administration did withhold 25% of Plaintiff's past due benefits award of $88,915.00, or $22,228.75, to pay an authorized fee to Plaintiff's representative. (Document No. 30-3, pp. 2-3).

The undersigned observes that "Defendant's Response…" (Document No. 32) was filed on August 6, 2018, and "neither supports nor opposes Plaintiff's counsel's request." Defendant's failure to take any position on the pending motion is not helpful.

Plaintiff initially failed to file a reply brief, or notice of intent not to reply, but then timely filed "Plaintiff's Reply Brief" (Document No. 34) on August 31, 2018, following an Order from the Court. See (Document No. 33) (citing Local Rule 7.1(e)).

In reply, Plaintiff notes that the contingency fee agreement here states in part: "For my work in court, you will pay me 25% of the back money that is due to you *and your family* at the time you get any favorable decision." (Document No. 34, p. 2) (citing Document No. 30-2). Plaintiff further notes that "the law clearly allows for the approval of payment for beneficiaries." Id. (citing Hopkins v. Cohen, 390 U.S. 530 (1968) and Cortes v. Colvin, 2014 WL 4472613 (N.D.Ohio Sept. 10, 2014)). Plaintiff then quotes the following excerpt from Cortes:

> In *Hopkins v. Cohen*, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968), the Supreme Court found that attorney fee awards under § 406(b) are to be calculated based upon the past-due benefits received by both the claimant and his dependent family members. In that case, the Court found no basis to distinguish between benefits received by the claimant and his dependent family members because "proof of the husband's 'claim' results in a package of benefits to his immediate family" and, therefore, "[i]n a realistic sense ... the attorney was representing fully the interests of the wife and children when he litigated the question of the husband's disability." *Id.* at 534, fn. 5. Thus, the calculation of the 25% fee ceiling is based on the total past-due benefits awarded to both Plaintiff Cortes and his dependent family members. **However, as discussed infra, *Hopkins* does not prevent this Court from considering, as part of its windfall analysis, the fact that counsel performed no additional work before this Court with regard to Plaintiff Cortes' dependent family members**. *See e.g. Woods v. Colvin*, 2014 WL

2918454 at * 6 (N.D.Ohio June 26, 2014); *Steward v. Astrue*, 2010 WL 2376241 at * 2 (S.D.Ohio June 9, 2010).

(Document No. 34, p. 2) (quoting Cortes, 2014 WL 4472613, at *2, n. 3) (emphasis added).

Plaintiff contends that the question before the Court should not be whether attorney's fees can be awarded based on benefits, but rather, whether the additional amount produces a windfall. (Document No. 34, p. 3). Plaintiff concludes that an award of attorney's fees of $34,541.00, or $701.34 per hour, for the work of Plaintiff's counsel *and* his paralegal in this case, would *not* be a windfall. Id.

Caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10cv115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005));  see also, Waugh v. Colvin, 5:11-CV-085-RLV-DCK, 2013 WL 2434610 (W.D.N.C. June 4, 2013). In Griffin, the plaintiff "received an award of past due benefits in the amount of $100,414.00" and had an agreement with counsel that would allow counsel to seek 25 percent of the past-due award;  however, Griffin's counsel only sought $4,725.75 for "the time expended by him and his paralegal." Griffin, 2012 WL 3155578 at *1-2.

Another decision within this Circuit also holds that the "attorney for the successful claimant bears the burden of showing the Court 'that the fee sought is reasonable for the service rendered.'" West v. Astrue, 2008 WL 1927308 at *1 (N.D.W.Va. April 29, 2008) (quoting Gisbrecht, 535 U.S. at 807). The court in West found that an award of a contingency fee that "would result in an hourly compensation rate of $1,027.56 per hour" was a "windfall" and then reduced the attorney's fees award to 11% of the past-due benefits award. West, 2008 WL 1927308 at *4.

The undersigned also finds language from an older Fourth Circuit decision to be instructive:

> these disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966).

Based on the foregoing, the undersigned is not persuaded that Plaintiff's request for $34,541.00 in attorney's fees is reasonable. See (Document No. 30-1, p. 5). The undersigned finds that adding the past due benefits of Plaintiff's dependents to the proposed calculation would indeed provide a windfall to Plaintiff's counsel. See Cortes, 2014 WL 4472613, at *2, n. 3. Moreover, the 25% contingent fee allowed based on Plaintiff's award also seems high, particularly where a paralegal did the majority of the work on the case. Nevertheless, the undersigned will allow an award of the 25% of Plaintiff's past due benefits.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Attorney Fees" (Document No. 30) is **GRANTED**, with modification. Plaintiff's counsel is approved for an award of **$22,228.75** for attorney's fees in this case pursuant to 42 U.S.C. § 406(b)(1)(A).

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel shall return to Plaintiff the sum of **$5,300.00**, representing the EAJA fee previously approved for Plaintiff's counsel.

**SO ORDERED**.

Signed: September 6, 2018

David C. Keesler
United States Magistrate Judge